UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BURGOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PRIMM, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1278 TLN AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

   II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint states a single claim for deliberate indifference to medical needs against four named defendants (Sgt. Primm, Lt. Blackwell, Dr. Robert Cogburn, and Dr. Michael Lew) and four putative Doe defendants. The claim arises from the allegedly delayed extraction of a wisdom tooth at CSP-Solano, and the treatment that plaintiff received afterwards for pain. The complaint alleges in sum as follows.

Plaintiff was scheduled for extraction of a painful wisdom tooth on July 16, 2018. Does 1 through 4, all correctional officers, prevented plaintiff from being seen by the dentist on that date because plaintiff was not wearing the proper footwear. The delay in the extraction caused plaintiff unnecessary pain.

On August 8, 2018, Sgt. Pimm's response to plaintiff's grievance of the dental issue falsely stated that plaintiff had been interviewed on a certain date. On September 9, 2018, Lt. Blackwell inaccurately stated the date that plaintiff's tooth extraction had ultimately taken place.

The wisdom tooth was removed on August 7, 2018, and plaintiff experienced pain afterwards. Over the counter pain relievers were ineffective, and Dr. Coburn (the dentist who had removed the wisdom tooth) and Dr. Lew refused at subsequent visits to prescribe stronger painkillers. Plaintiff received "numbing shots" on various occasions in August, as well as acetaminophen, ibuprofen, and antibiotics. His pain continued for 32 days after the surgery.

IV.     Failure to State a Claim

   A.  Governing Eighth Amendment Principles

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976) (internal citations, punctuation and quotation marks omitted). The same standards apply to claims based on dental care. Hunt v. Dental Dept., 865 F.2d 198 (9th Cir. 1989). To prevail, plaintiff must show both that his medical or dental needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104), overruled on other grounds by WMX Techs. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The requisite state of mind, deliberate indifference, requires a showing greater than medical malpractice, negligence, or even civil recklessness. Farmer v. Brennan, 511 U.S. 825, 837 & n.5 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

To establish deliberate indifference, a prisoner must demonstrate that the defendant knew of and disregarded an excessive risk to inmate health or safety; "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. It is not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Rather, deliberate indifference is established only where the defendant subjectively knows of a risk and deliberately disregards it, causing harm. Id.; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

////

////

B. Discussion

The facts alleged regarding the Doe correctional officers fail to demonstrate a violation of plaintiff's Eighth Amendment rights. It can be inferred from the complaint that plaintiff was late to his initially scheduled appointment for extraction, and therefore did not have the procedure as scheduled, because he was ordered back to his cell to put on the footwear required by prison regulations. Even accepting as true plaintiff's allegations of disrespectful treatment by the officers, the facts do not show that any of the Doe defendants were subjectively aware of the severity of plaintiff's medical need or that delaying his appointment would cause him harm. The fact that plaintiff was scheduled for a dental extraction is not enough, because in many if not most cases a delayed tooth extraction could be expected to cause nothing more than inconvenience or discomfort. There are no facts in the complaint showing that the Doe defendants were aware that plaintiff's situation involved a substantial risk of serious harm. Plaintiff will be permitted to amend his allegations against the Doe defendants.[1]

The allegations that Sgt. Pimm and Lt. Blackwell made inaccurate or false statements on review of plaintiff's inmate appeal ("602") fail to support liability. There is no causal connection between falsehoods or factual errors in the 602 process and the alleged deliberately indifferent medical care at issue here. See 42 U.S.C. § 1983 (establishing liability of any person who, acting under color of state law, "subjects, or causes to be subjected" another person to a deprivation of federal rights). Accordingly, plaintiff's Eighth Amendment claim simply does not lie against these officers. The allegations also fail to support any alternative claim: plaintiff has no due process rights in the grievance process, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), and false statements by correctional officers do not violate the constitution, see Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (false statements in disciplinary reports do not support §

---

[1] Plaintiff is informed that inclusion of "Doe" defendants is generally disfavored in the Ninth Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where a claim for relief has been adequately pleaded against a Doe defendant, it may proceed subject to future amendment to substitute the true name for a fictitiously named defendant. See Merritt v. County of Los Angeles, 875 F.2d 765 (9th Cir. 1989). If plaintiff is able on amendment to state a claim against a particular Doe defendant, he will be responsible for identifying the true name of the defendant.

1983 claim). It does not appear that plaintiff's claim can be successfully amended as to defendants Pimm and Blackwell. If plaintiff names these defendants in an amended complaint, the undersigned will recommend their dismissal.

The allegations against Drs. Cogburn and Lew fail to state a claim for deliberate indifference to a serious medical need, because these defendants were generally responsive to plaintiff's complaints and provided wound care, antibiotic treatment, injections of numbing medication, and non-narcotic pain relievers. Plaintiff's disagreement with his doctors about the appropriate pain medication is insufficient as a matter of law to support a deliberate indifference claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (difference of medical opinion insufficient). The complaint lacks factual allegations which show that either doctor was aware that their treatment decisions posed a substantial risk of serious harm to plaintiff. It is common knowledge that over the counter pain medications are generally recommended for, and considered adequate to treat, pain following wisdom tooth extraction and similar oral surgery. The complaint does not state facts showing that Drs. Cogburn and Lew caused the suffering of which plaintiff complains, or that they were deliberately indifferent to it. Plaintiff will be given the opportunity to amend.

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.  Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The court has screened your complaint and finds that the facts you have alleged are not enough to state a claim for relief. The complaint will not be served. You may file an amended complaint. You must state facts as to each defendant that show they realized that you had a serious medical need, and knew that their actions posed a substantial risk of serious harm to you. A difference of opinion with your doctors about the appropriate pain medication is not enough. Sgt. Pimm and Lt. Blackwell were not involved in providing your dental care, so they are not proper defendants. Only individuals who were personally responsible for delaying your treatment or providing inadequate care can be liable for an Eighth Amendment violation.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

7

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint has been screened under 28 U.S.C. § 1915A and found not to state a viable claim for relief. Plaintiff is granted leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 12, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE